The opinion of the court was delivered by
Breaux, J.
An indictment was found against the defendant on November 15, 1892, under Sec. 791 of the Revised Statutes, charging him with stabbing and striking with intent to kill and murder one Henry Johnson.
On the 16th day of November, 1892, he interposed a motion to quash the indictment, which was overruled.
On November 25, 1892, he was arraigned and pleaded not guilty. The case was assigned to be tried on that day.
It was, subsequently, reassigned on several days.
On the 20th day of September, 1893, the plea of guilty of a lesser offence than that charged was entered.
On the 2d day of October a motion to withdraw the plea of guilty was filed.
. The case comes up for review on the bill of exception taken to th,e court’s ruling,-overruling the rpotion to withdraw {¡he plea of guilty.
*1357 The court’s reasons, as stated in the bill, are: that the accused was represented by counsel able and experienced, wish knowledge of the facts and circumstances, who defended him during the trial; that the plea of guilty of an offence less in degree than that charged was made and entered more than ten months after the arraignment of the defendant, and at a time when the case was called for trial and nothing to prevent the trial had the plea of guilty not been presented and accepted by the district attorney.
The trial judge further states that the motion was too late, as it would, had it been granted, have necessarily operated a continuance of the case.
The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place.
It is proper to grant the withdrawal if the accused makes it appear that an error has been committed.
The least surprise or influence causing him to plead guilty when he had any defence at all should be sufficient cause to permit a change of the plea from guilty to not guilty.
The records and the statement of the trial judge do not disclose that there was any good ground to gr'ant the application.
The plea presented and overruled prior to arraignment, the time that had elapsed since the arraignment, and the late day in the session the motion to withdraw the plea of guilty was filed, preclude the possibility of concluding that the accused has been prejudiced by the ruling of the lower court.
The discretion in refusing to allow the withdrawal of a plea and substituting another “ will rarely, if ever, be exercised in aid of an attempt to rely upon a mere dilatory or formal defence.” Bishop on Criminal Jurisprudence, 3d Ed., Sec. 124.
The offence to which he pleaded guilty was a minor offence to that charged; that fact also, supports the statement of the trial judge that all the facts and circumstances show that the plea was offered advisedly.
In the case of State vs. Delahoussaye, 37 An. 552, nineteen days had elapsed since the arraignment; the jury had been discharged; the relief asked would have caused a continuance; the court sustained the ruling of the trial judge in refusing the withdrawal and permitting another plea.
*1358 Egan and Husband'vs. Hart et als.
In the case at bar-there are grounds even more conclusive upon which to sustain the judge’s action.
-The discretion was soundly exercised, and his ruling was legal.
Judgment affirmed.