(37 South. 619.)

No. 15,405.

STATE v. COSTON.

(Dec. 5, 1904.)

CRIMINAL LAW—PLEA — SETTING ASIDE — APPEAL—RECORD—PRESENCE OF ACCUSED —PETIT LARCENY—SENTENCE.

1. A plea of guilty, which has been induced by error, should be permitted to be set aside.

2. The oath of the accused verifying a motion to set aside such a plea, comes up as part of the pleadings, and, in order that it may be considered by this court, does not necessarily have to be annexed to the bill of exceptions reserved to the ruling of the court on the motion.

3. The following entry on the minutes: "The defendant, Clem Coston, assisted by his counsel, Wm. C. Pegues, Esq., in open court, withdrew his plea of not guilty and pleaded guilty to petty larceny"—fails to show that when the plea was entered the accused was present in court in person.

4. In cases of felony the accused must be present in court in person when a plea of guilty is entered.

5. Petit larceny being punishable or not by imprisonment in the penitentiary, accordingly as the value of the stolen property falls above or below $20, the value of the property charged to have been stolen must be fixed either by plea or by verdict before the judge can pass sentence; hence the judge cannot impose a sentence of imprisonment in the penitentiary in a case where, the charge being larceny, the accused has entered a plea of guilty of petit larceny.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Clem Coston was convicted of petty larceny, and appeals. Reversed.

Charles Wheaton Elam, for appellant. Walter Guion, Atty. Gen., and Amos Lee Ponder, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. On the 6th of October, 1904, the grand jury brought in an indictment against the defendant for larceny.

The minutes of the following day show as follows:

"The defendant, Clem Coston, in open court, assisted by his counsel, W. C. Pegues, Esq., waived arraignment, and pleaded not guilty, elected to be tried by jury, and case fixed for Wednesday, the 12th inst."

The minutes of the 12th of October show as follows:

"The defendant, Clem Coston, assisted by his counsel, Wm. C. Pegues, Esq., in open court, withdrew his plea of not guilty, and pleaded guilty to petty larceny."

Six days thereafter, namely, on the 18th day of the same month, defendant made the following motion:

"In this case now comes the said defendant before sentence, and moves and prays the court that the plea of guilty to petty larceny herein be set aside on the ground and for the reason that the same was entered by the former counsel for this defendant without authority of defendant; that said former counsel advised defendant that the crime of petty larceny was a misdemeanor punishable by imprisonment in jail or fine solely, and that he could secure the consent of the district attorney that a plea of guilty should be entered to such misdemeanor, and urged and persuaded defendant to enter such plea to a misdemeanor; that defendant, so urged and persuaded, consented that a plea should be entered of guilty to a misdemeanor; that he now finds to his surprise that the plea of guilty was entered to a crime which under the law is a felony, and punishable at hard labor. He prays accordingly that the plea of guilty be annulled and set aside, and for general and equitable relief.

"[Signed]                    C. W. Elam, Attorney."

This motion was sworn to by the defendant, and was accompanied by the following affidavit of his former attorney, Wm. C. Pegues:

"Affidavit Attached to Motion to Vacate.

"State of Louisiana, Parish of De Soto. Before me, the undersigned authority, personally came and appeared Wm. C. Pegues, attorney at law, who, being by me first duly sworn, deposes and says: That he was never authorized by one Clem Coston, who was recently indicted by the grand jury of this parish for the crime of larceny, to enter the plea of larceny or petit larceny, which the minutes of the 12th Judicial District Court in and for the parish of De Soto, La., show that he did not enter such a plea for the said Coston on the 12th day of this month. He further says that the said Coston authorized him to enter a plea to any crime that might be a misdemeanor, and that at the time he entered the plea of guilty of petit larceny he (the said Pegues) was under the impression that petit larceny was a misdemeanor instead of a possible felony.

"[Signed]                    Wm. C. Pegues.

"Sworn to and subscribed before me on this 14th day of October, A. D. 1904.

"[Signed]                    A. M. Rives,
"Clerk 12th Dist. Court, De Soto Parish, La."

The motion was overruled, and to the ruling defendant reserved a bill of exceptions.

Whereupon the court sentenced the defendant to 18 months in the penitentiary, and he has appealed.

His contention is that, the plea of guilty having been induced by error, he should have been permitted to withdraw it. He also contends that the record does not show that he was present in court when the plea was entered.

If the court accepts as true the oath of the defendant—and it is hardly seen on what grounds the court could decline to accept it—the plea of guilty to the crime of larceny was entered without the consent of the defendant, inasmuch as the consent was limited to such a plea as would not subject him to imprisonment in the penitentiary. Such being the case, the plea should have been set aside, and defendant permitted to plead over.

The affidavit derives much corroboration from the fact that the plea, as entered on the minutes, was not one simply of guilty as charged in the indictment, but was one of guilty to petit larceny.

In the case of State v. Williams, 45 La. Ann. 1357, 14 South. 32, this court said:

"The withdrawal of the plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place.

"It is proper to grant the withdrawal if the accused makes it appear that an error has been committed.

"The least surprise or influence causing him to plead guilty when he had any defense at all should be sufficient cause to permit a change of the plea from guilty to not guilty."

The instant case can be differentiated from those of State v. Delahoussaye, 37 La. Ann. 551, and State v. Williams, 45 La. Ann. 1356, 14 South. 32. In the instant case the accused accepted the certainty of conviction of what he took to be a minor offense not importing infamy, in order to avoid the risk of conviction of a graver offense importing infamy. Not only was there room for error, but the thing was, what an innocent man might do who found that appearances were against him, and that he might be convicted notwithstanding his innocence. It is the case of a man who, whether innocent or not, has been induced by error into making a plea

STATE v. COSTON.

which, without the error, he would not have made.

In the Delahoussaye Case the accused pleaded guilty to plain horse stealing. The court found that he had simply acknowledged himself guilty of the horse stealing, and that in a matter so plain there was no room for error.

In the Williams Case the court was satisfied that the entering of the plea of guilty had been resorted to merely in order to secure a continuance, and had not been induced by error.

It is intimated in the brief of the state that in the instant case also the object of the accused was to obtain a continuance. While it is quite possible the accused had that object in view, the record does not show that fact. It does not show, as in the Williams Case, that when the motion was made the jury had been discharged for the term. And, besides, even if the discharge of the jury were shown, that bare fact, especially in the case of a first continuance, would not be of itself sufficient to overthrow the sworn statement of the accused.

It is next urged that the motion to set aside the plea and the affidavits accompanying it, which have been transcribed hereinabove, are not made part of the bill of exception, and that, in consequence, the facts upon which the motion is based, and upon which the lower court acted, are not brought up to this court, so as to enable this court to review the ruling on the motion. That is true as to the affidavit of the attorney attached to the motion, and not forming part thereof; but it is not true of the affidavit of the accused, which forms part of the motion, and comes up to this court with it as a part of the record. And this affidavit of the accused, standing, as it does, uncontradicted and unimpeached, is of itself sufficient, we think, to make out a case of error.

It is urged that the bill of exception was not submitted to the district attorney. This might have been good ground for a refusal on the part of the trial judge to sign the bill, but would not justify this court in refusing to consider it.

The second contention of defendant also is well founded. The minutes do not show affirmatively that the defendant was present in court in person when the plea was entered, as is necessary. State v. Meekins, 41 La. Ann. 543, 6 South. 822; State v. McMichael, 50 La. Ann. 428, 23 South. 992; Bishop, Crim. Pro. vol. 1, § 268.

A point not made in the brief of defendant, but which suggests itself to the court, is whether the plea as entered was sufficient for serving as a basis for sentence.

By Act No. 124 of 1874, p. 223, § 8, the crime of larceny is divided into grand and petit larceny; grand larceny being where the value of the property stolen is more than $100, and petit larceny being where it is less.

By Act No. 107 of 1902, p. 162, § 5, the penalty of petit larceny is made to vary according to the value of the stolen property, and may or may not be imprisonment in the penitentiary, accordingly as the value is above or below $20.

Under the latter act, before a sentence of imprisonment in the penitentiary can be imposed, the value of the stolen property must have been established either by plea or by conviction, and must have exceeded $20. Now, the plea in this case was not the general plea of guilty, which would have meant guilty as charged, and would have established the value of the stolen property, but it was the restricted and special plea of guilty of petit larceny, which left the value of the stolen property at large—perhaps above, perhaps below, $20. The court assumed that the value of the property was as charged in the indictment. But nothing can be taken by intendment against a prisoner; and, besides, had the prisoner intended to admit that the value of the property was as charged, he would have pleaded simply guil-

ty, and not have studiously qualified his plea.

Judgment set aside, and case remanded for trial according to law.