(90 South. 4I2)

No. 24985.

STATE v. MANAGER et al.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. Criminal law ⬤➡274—Evidence held to prove that defendant, in pleading guilty of grand larceny, intended to plead guilty of petit larceny.

Evidence on defendant's motion to with-draw plea of guilty to grand larceny *held* to show that defendant had no intention of pleading guilty of the crime of grand larceny, and that he thought he was pleading guilty of petit larceny.

2. Criminal law ⬤➡274—Defendant should be permitted to withdraw plea of guilty, where made in belief he was pleading guilty of less serious crime.

A defendant, who has pleaded guilty of a crime, ought to be allowed to withdraw the plea and enter a plea of not guilty, when it is made manifest that his plea of guilty was made in error and ignorance of the crime so confessed, believing that he was pleading guilty of a less serious crime.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; Wm. Campbell, Judge.

Felix Manager and others pleaded guilty to grand larceny. The named defendant's motion for permission to withdraw plea of guilty was overruled, and he appeals. Sentence annulled, motion to withdraw plea, and to enter plea of not guilty, sustained, and case remanded, with directions.

John L. Kennedy and Sidney G. Roos, both of La Fayette, for appellant.

A. V. Coco, Atty. Gen. (Percy T. Ogden, Dist. Atty., of Crowley, and T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, J.    Appellant was charged, jointly with Gus Foreman and three other men, with the crime of burglary of a box car and the crime of grand larceny. When the five defendants were arraigned, Gus Foreman, who was represented by an attorney, pleaded "not guilty." The four other defendants, not represented by an attorney, pleaded "guilty" to the charge of grand larceny, and the district attorney entered a nolle prosequi on the charge of burglary. Thereupon each of the four defendants who had pleaded guilty of the crime of grand larceny was sentenced to imprisonment in the penitentiary for a term not less than three nor· more than four years.

Appellant, Manager, who is said to have believed that he was pleading guilty of larceny of only a sack of sugar of the value of $5, for which .he could be imprisoned in the parish jail for a term not exceeding six months, employed an attorney, for the purpose of withdrawing his plea of guilty of the crime of grand larceny. The attorney filed the motion, averring that appellant had pleaded in error, and under the belief that he was pleading guilty of larceny of a sack of sugar valued at $5. After hearing testimony on the trial of the motion, the court overruled it. Appellant's. attorney reserved a bill of exceptions, to which is annexed the testimony taken on the trial of the motion to withdraw the plea.

[1], The evidence leaves no doubt in our mind that appellant, when he pleaded guilty of the crime of larceny, believed he was pleading guilty of the crime of larceny of only the sack of sugar. We are convinced that he had no intention of pleading guilty of the crime of grand larceny. He is an illiterate colored man, who had worked for ·the Morgans Louisiana & Texas Railroad & Steamship Company for about 11 years.

The sugar and other goods, all valued at $150, were stolen from a box car of the railroad company. After the burglary had been committed, Gus Foreman found two 100-pound sacks of the sugar, of the value of $5 a sack, hidden in a field. He told appellant of his find and suggested that they take the sugar home. Appellant consented and he and Foreman each took one sack of sugar. The next morning, appellant—whether because his conscience smote him or because he was afraid the sugar would be discovered in his home is not important—went voluntarily to the master mechanic and to the special agent of the railroad company and confessed what he had done. The master mechanic and the special agent of the railroad company advised appellant to go to the courthouse and confess that he had taken the sack of sugar, and appellant did go to court and make the confession. There was no other evidence against him. Although it does not appear in the record, it was said in argument, and not denied by the attorneys for the state, that Gus Foreman, who took the other sack of sugar, was found guilty of petit larceny, and was sentenced to imprisonment in the parish jail only for four months.

[2] A defendant who has pleaded guilty of a crime ought to be allowed to withdraw the plea and enter a plea of not guilty, when it is made manifest that his plea of guilty was made in error and ignorance of the nature of the crime so confessed, believing that he was pleading guilty of a less serious crime. State v. Coston, 113 La. 717, 37 South. 619; Wharton's Criminal Evidence (10th Ed.) vol. 2, 1324; 16 Corpus Juris, pp. 397, 398.

The sentence appealed from is annulled, appellant's motion to withdraw his plea of guilty and enter a plea of not guilty is sustained, and it is ordered that this case be remanded to the district court to be proceeded with accordingly.