334 So.2d 186 (1976)
STATE of Louisiana
v.
Melvin BAUDOIN and Errol Falcon.
No. 57445.
Supreme Court of Louisiana.
June 22, 1976.
*187 James B. O'Neill, Zwolle, Gordon Hackman, Boutte, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendants, Melvin Baudoin and Errol Falcon, by bill of information filed in March of 1975 with theft of an outboard motor in violation of LSA-R.S. 14:67. On May 22, 1975, the defendants pleaded guilty, and on September 2, 1975, the judge sentenced each of them to six years imprisonment at hard labor.
Subsequently, the defendants applied for a writ of habeas corpus to this Court, which we granted on November 14, 1975, with the following order:
"Writ granted. It is ordered that the trial court hold an evidentiary hearing to determine whether or not there was an unkept plea bargain and rule upon the case in light of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)."
La., 322 So.2d 771 (1975). The trial court held the evidentiary hearing as ordered, found that the defendants had failed to discharge their burden of proving an unkept plea bargain, and denied relief. The trial judge did not rule on other legal questions arising from the evidence because of the limited mandate of this Court.
The defendants again applied to this Court for a writ of habeas corpus. We elected to grant supervisory writs. The case is now before us for decision.
The following facts are important in our decision in this matter. Defendants, as well as five of their relatives and their present attorney, attested to the fact that the defendants were informed by their original attorney that if they pleaded guilty, they would be sentenced to six months imprisonment, and possibly they would be released on probation after serving only two months of the sentence. They allege that they were promised also that they would be allowed to withdraw their guilty pleas if the sentences imposed *188 were greater than anticipated. In reliance on these promises, defendants did plead guilty and answered the judge's Boykin questions pursuant to instructions from their attorney.
The original defense attorney testified that a plea bargain had been perfected between himself and the district attorney, who he believed had spoken to the judge about the sentencing, that he informed everyone involved about the plea bargain, and that he had even written a note to the defendants about the agreement because they wanted some assurance in writing. On the morning of the sentencing, September 2, 1975, the defendants paid the Sheriff of Sabine Parish $275.00 for the cost of their transportation on a previous trial date from their residence in another parish to the courthouse. Defendants understood that the payment was necessary as part of the bargain since the District Attorney, upon entering the courtroom that morning, had said "all deals are off" unless the money was paid. Before sentence was imposed, when it became evident that the defendants were not going to receive the expected sentence, they moved to withdraw their guilty pleas. The judge denied the motion. Defense counsel then moved to withdraw from the case. This motion was likewise denied. The trial judge then sentenced both defendants to six years imprisonment. Subsequently, the original defense attorney, who was not present at the sentencing, wrote a letter to the prosecuting attorney, expressing his distress over the unkept plea bargain.
The trial judge testified that he never makes agreements about sentencing and that no attorney for either the State or the defense spoke to him about a plea bargain in this case. The District Attorney, with whom the plea bargain was allegedly made, testified that he did not recall the discussion with defense counsel. However, he did not specifically deny making a plea bargain, and he admitted that he might have gone to see the judge about one. He stated that the $275.00 covered the expenses incurred by the sheriff in executing a bench warrant against the defendants for their failure to appear in court for trial and that he had promised not to prosecute them for contempt of court if they paid the money.
Based on the evidence thus summarized, we make the following findings: (1) the evidence is inadequate to show any participation in a plea bargain by the trial judge; (2) the evidence of participation by the District Attorney is contradictory and is insufficient to prove that he actually entered into a plea bargain with the defense attorney; (3) the record does establish a discussion from which the defense attorney could have reasonably inferred an agreement with the District Attorney, and the evidence is conclusive that defense counsel reasonably believed that a plea bargain existed and that he so advised his clients both orally and in writing; (4) the defendants, relying in good faith upon their attorney's representations, pleaded guilty.
On these findings, Santobello v. New York, supra, dealing with an unkept plea bargain, is inapplicable.
The disposition of the case is governed by Article 559 of the Louisiana Code of Criminal Procedure. That article provides in pertinent part:
"The court may permit a plea of guilty to be withdrawn at any time before sentence."
Discretion to permit a guilty plea to be withdrawn is vested in the trial judge. State v. Barber, 262 La. 443, 263 So.2d 719 (1972); State v. Glantz, 254 La. 306, 223 So.2d 813 (1969). That discretion, however, cannot be arbitrarily exercised, and an abuse of discretion can be corrected upon appellate review. See State v. Manager, 149 La. 1083, 90 So. 412 (1922); State v. Coston, 113 La. 717, 37 So. 619 (1905).
In the present case, the defendants entered their plea of guilty based upon a *189 specific representation as to the length of the sentence. That representation was the sole basis for their plea. Through no fault of the trial judge, the sentence imposed had no relation to the one that had been assured. Undoubtedly, the pleas were entered in error. We conclude that the trial judge abused his discretion in denying the motion to withdraw the guilty pleas. See State v. Manager, supra; State v. Coston, supra.
For the reasons assigned, the ruling of the trial judge is reversed, the guilty pleas and sentences based thereon are set aside, and the case is remanded to the trial court for rearraignment and further proceedings, including a new trial, according to law and consistent with the views herein expressed.