414 So.2d 1218 (1982)
STATE of Louisiana
v.
Aubrey THOMPSON.
No. 81-KA-1945.
Supreme Court of Louisiana.
April 21, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Morel, *1219 Jr., Dist. Atty., John M. Crum, Jr., Kurt Sins, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Sylvia E. Taylor, Reserve, for defendant-appellant.
MELVIN A. SHORTESS, Justice Ad Hoc[*].
Aubrey Thompson (defendant) was charged in a bill of information with attempting to commit first-degree murder on Pamela Kirkland (La.R.S. 14:27/14:30) and with robbing her while armed with a pistol (La.R.S. 14:64) on August 16, 1980. Defendant pled not guilty to both charges, and the court appointed counsel to represent him. On September 24, 1980, a preliminary examination was held with the Honorable Thomas J. Malik presiding, wherein the victim testified in detail as to the circumstances and events surrounding the alleged crimes. Upon completion of the examination, Judge Malik found probable cause did exist. On January 26, 1981, trial began with Judge Malik presiding; however, an objection was made to the State's opening statement and a motion for mistrial was sustained. Between January 27, 1981, and February 13, 1981, John Crum, representing the State, and Robert Faucheux, defendant's court-appointed attorney, attempted to negotiate a plea bargain. The record confirms the fact that the trial judge did not enter into active participation in the plea bargaining and never discussed plea bargains with defendant or his counsel. In response to inquiry from Crum, however, Judge Malik indicated an interest in allowing defendant to plead in return for a 20-year sentence at hard labor.
On February 13, 1981, Judge Malik addressed a letter[1] to Crum, with a copy to Faucheux, wherein he withdrew any prior commitment. On February 17 defendant withdrew his not guilty pleas and pled guilty in open court, after a Boykin examination. The court then ordered a pre-sentence investigation. On March 6, 1981, defendant was sentenced to serve twenty years at hard labor on the attempted first-degree murder charge and twenty years at hard labor on the armed robbery charge. Both sentences were without benefit of parole, probation, or suspension, and were to run consecutively. Defense counsel immediately objected to the sentence and moved to withdraw the defendant's guilty pleas, as per the Boykin commitment; but Judge Malik denied the motion.
ARGUMENT NO. 1 (Assignments of error 1 through 9)
Defendant argues that the trial judge erred in refusing to allow him to withdraw his pleas of guilty after sentence was imposed. He submits that the sentence was in violation of a plea bargain agreement and that the trial judge indicated that he would give him the opportunity to withdraw his pleas if he did not acquiesce in the agreed-upon sentence.
On January 26, the trial began, but a mistrial was declared the next day. The next minute entry is on February 17, when defendant entered guilty pleas. Any plea bargaining occurred on or before February 13, the date of Judge Malik's letter which stated that he had been under the impression that the victim had been shot only one time.[2] Judge Malik stated that a pre-sentence investigation would have to be made. He had also stated that:
... defendant must plea (sic) with the knowledge that I have not made up my mind regarding his sentence.
*1220 Immediately after sentence was imposed, defense counsel objected, moved to withdraw the guilty pleas, and indicated that it was his understanding that the court had stated that defendant would be allowed to withdraw his pleas if the sentence were different from the 20-year sentence previously agreed upon. His motion was denied, but he was permitted to withdraw from the case. The pertinent parts of the February 17 transcript are:
"Q You admit to the knowledge that the Court in imposing sentence upon your plea of guilty is not bound by any recommendations or statements made to or by anyone to the Court, and that you are not to assume or rely upon any statements or representation by your attorney or of the State, that the consequences of your plea of guilty, that there is no appeal of the sentencing that I impose; do you realize that?
A. Yes.
THE COURT: The Court is going to order a pre-sentence investigation and as soon as the report is received the Court will then contact Mr. Faucheux as to whether or not the pre-sentencing investigation in any way would alter the plea-bargaining arrangements with the State. If it, in fact, reveals something unknown to us at this time, the Court would allow the defendant to withdraw his plea. Until then, he is remanded to the custody of the Sheriff of St. John the Baptist, until the Court receives the pre-sentencing investigation."
In addition to the oral Boykin colloquy, defendant also executed and signed a written plea and waiver on February 17, 1981[3]. The defendant acknowledged both in open court and by the Plea And Waiver form that he executed, that the trial judge was not bound by the State's recommendation or any statements made by his counsel. He also acknowledged that no promise had been made with regard to the sentence. He was cautioned that no commitment to any sentence would be made until completion of the pre-sentence report. But Judge Malik also indicated that if the pre-sentence investigation revealed anything that would alter the plea bargaining arrangements, the court would allow defendant to withdraw his pleas.
In State v. Baudoin, 334 So.2d 186 (La. 1976), defendants entered pleas with the understanding that they would receive sentences of six months' imprisonment or be allowed to withdraw their pleas if the sentences were heavier than anticipated. The trial court sentenced defendants to six years' imprisonment and refused to allow them to withdraw their pleas. We found that the evidence was insufficient to show a consummated plea bargain, but also found that:
... the record does establish a discussion from which the defense attorney could have reasonably inferred an agreement with the District Attorney, and the evidence is conclusive that defense counsel reasonably believed that a plea bargain existed and that he so advised his clients both orally and in writing; (4) the defendants, relying in good faith upon their attorney's representations, pleaded guilty. Id., 334 So.2d at 188.
It is well settled that a defendant may not withdraw his plea solely because the sentence he received is greater than anticipated. State v. Lockwood, 399 So.2d 190 (La.1981); State v. Deakle, 372 So.2d 1221 (La.1979). During the Boykin colloquy, the trial judge committed himself to:
... contact Mr. Faucheux as to whether or not the pre-sentence investigation in any way would alter the plea bargaining arrangements with the State.

(emphasis added)
The pre-sentence investigation apparently revealed nothing unknown about the crimes because the preliminary examination established those details completely. While the record does not reveal what took place during *1221 the plea bargaining negotiations[4], we must note that immediately after sentence was imposed, defense counsel objected and stated:
It is my understanding that if the sentencing is different than what Mr. Thompson Boykined for by his plea bargaining, that he would be allowed to remove his plea of guilty, and on his behalf we request at this time that he be allowed to do that in accordance with the previous statement that the Court made.
Subsequently, on April 22, 1981, defendant filed a formal motion styled, "Motion to Receive Boykinization and Remove Former Plea of Guilty," which was denied by the trial judge without a hearing. Unfortunately, the record as it now stands is insufficient to determine whether a plea bargain that included the sentence was ever reached or whether there was a reasonable basis for defendant to believe that he would be allowed to withdraw his plea if a sentence in excess of twenty years was imposed. In view of the confusion surrounding this sentencing and plea, we feel that an evidentiary hearing on defendant's motion to withdraw his guilty plea should have been held.
For the reasons assigned, this case is remanded to the district court with instructions to hold an evidentiary hearing[5] on defendant's motion to withdraw his guilty plea.
REMANDED with instructions.
LEMMON, J., concurs and assigns reasons.
STATE OF LOUISIANA
PARISHES OF ST. CHARLES
AND ST. JOHN THE BAPTIST
 ST. CHARLES PARISH
 HANNVILLE. LA 70057
 _____
 ST. JOHN THE BAPTIST
 EDGARD. LA. 70049
 February 13, 1981
Mr. John Crum
District Attorney's Office
Edgard, Louisiana 70049
 RE: State v. Aubrey Thompson
Dear John:
 I thought it best to advise your office that at the
time I showed interest in allowing the defendant to plead
*1222 in return for 20 years at hard labor, I was under the impression that the victim had been shot only one time. You should advise Mr. Faucheux that if his client is to enter a plea on Tuesday, the 17th, I will consider any recommendation of your office. However, a pre-sentence investigation will have to be made and the defendant must plea with the knowledge that I have not made up my mind regarding his sentence.
 Judge Malik
CC: Robert Faucheux 
 "ATTACHMENT 1"
 29TH JUDICIAL DISTRICT COURT
 STATE OF LOUISIANA
STATE OF LOUISIANA
VS.
 No. 136.80
 PLEA AND WAIVER
 Comes now the defendant in the above cause, entering
this his plea of guilty to the charges pending herein against him,
and states:
 1. That he has received a copy of the charges pending
herein, has read and discussed the same and the consequences of
his plea of guilty herein with his attorney and does understand
the nature of the charges against him and the consequences of a
conviction thereon.
 2. That he in fact committed the crime(s) with which
he is charged herein and admits that no promises, representations
or threats have been made to or against him by anyone to induce
his plea of guilty to be made herein.
 3. That he, by entering a plea of guilty herein, does
hereby waive and give up (a) his right to a jury trial to determine
his guilt, (b) his right to be confronted with witnesses under
oath, (c) his right against self-incrimination, (d) his right to
compel witnesses to be present and testify in his behalf and (e)
any and all objections to the proceedings against him.
 4. That he acknowledges the concurrence by his attorney
with this plea of guilty to the charges herein, the advice given
by his attorney and the competency of his attorney to represent
him herein.
 5. That he admits to the knowledge that the Court, in
imposing and pronouncing sentence upon his plea of guilty herein,
is not bound by any recommendations or statements made to or by
anyone to the Court and that he is not to assume or rely upon any
statement or representation by his attorney, the prosecuting attorney
or even the Court as to the consequences of his plea of guilty
herein made prior to actual imposition and pronouncement of sentence.
*1223
 WHEREFORE, defendant requests that his plea of guilty to
the charges herin be accepted and that such sentence herein be
pronounced or imposed as the Court now deems fit, proper and just.
 "ATTACHMENT 2"
LEMMON, Justice, concurring.
I agree that the present record is insufficient to determine whether a plea bargain including a maximum sentence was ever reached or whether defendant had any reasonable basis to believe he would be allowed to withdraw his plea if the trial judge decided to impose a sentence in excess of 20 years. However, if the evidence at the evidentiary hearing supports defendant's contention, then the sentencing judge should have the option to limit the sentence in accordance with the bargain or to allow defendant to withdraw his plea.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter, and Felix H. Savoie, Jr., of the First Circuit Court of Appeal, participated in this decision as associate justices ad hoc, joined by Associate Justices Dennis, Blanche, Watson and Lemmon.
[1] See "Attachment 1" hereto.
[2] The preliminary examination held before Judge Malik on September 24, 1980, revealed that defendant picked the victim up in a bar. After stopping at other bars and places where the defendant was ostensibly getting money, the defendant drove the victim, in her car, to a secluded area by Lake Pontchartrain. He then pointed a pistol at her head, had her remove her jewelry, and ordered her out of the car. As she pleaded with him he shot her once in the shoulder, then shot her a second time in the back and left her for dead.
[3] See "Attachment 2" hereto.
[4] The transcript from the March 6, 1981, sentencing is confusing. It appears that defendant may have entered pleas prior to February 17 and then withdrawn same. Judge Malik's per curiam refers to the February 17 plea as the second plea, but there is no record of the first plea. What happened at the first plea session? It appears that a 20-year sentence was discussed (R., March 6, 1981, Tr. p. 3). It also appears that defendant filed a charge of brutality in connection with the first plea with the U. S. Justice Department. (Id., p. 3)
[5] The evidentiary hearing should be held before another judge of the 29th JDC since Judge Malik will no doubt be a witness. Messrs. Crum and Faucheux should also be witnesses.