MOORE, J.
pRodrigus Ramone Harris was charged by bill of information with armed robbery with a firearm, La. R.S. 14:64 and 64.3. He pled guilty as charged, but at the Boy-kin hearing and at sentencing he told the court he wished to withdraw his guilty plea; both requests were denied. The court sentenced him to 15 years at hard labor without benefits for armed robbery and a consecutive 5 years at hard labor without benefits for the use of a firearm. Harris now appeals, urging the court erred in denying his motion to withdraw his guilty plea and in imposing an excessive sentence. Finding no merit in his contentions, we affirm the conviction, but on error patent review we amend the sentence to remove the order of hard labor for the 5 years under R.S. 14:64.3.

Factual Background

On December 9, 2003, the 17-year-old Harris drove three friends to the Friedman’s Jewelry Store on East Bert Kouns in Shreveport. Harris pulled the borrowed Chevy Suburban to the rear of the store and let his three accomplices out. According to employees of the store, three masked men came in, “skipping and hopping;” one of them pulled a handgun, shouted it was a robbery and demanded all the money from the cash register. The three employees, all women, described the robbers as loud, rude, obscene and very threatening. When the masked men saw the register held only about $100, they ordered an employee to open the safe. At close gunpoint and nearly paralyzed with fear, two employees managed to open the safe and give the robbers about $1,000 in cash and $14,000 in jewelry. The masked men then ran out the door and into the waiting Suburban, which | ¡¡witnesses reported driving east on East Bert Kouns.
Police quickly developed suspects when Harris and one of the other robbers tried to sell the stolen jewelry to a police informant. On December 13, police arrested Harris, advised him of his rights and took his statement. Harris admitted that he had been driving around in a borrowed Suburban with two friends, one of whom was armed with a handgun, when they picked up a third friend who “wanted to rob something.” Deciding on Friedman’s, they drove by the front to look inside, and then Harris pulled the Suburban to the rear of the store and let them out. Moments later they came back, carrying a clear container packed with jewelry in Ziploc bags. Harris admitted that he got $300 in cash. He denied getting any jewelry, but another witness stated that Harris tried to sell some rings at a house in the Ingleside neighborhood.

Procedural History

As noted, the state charged Harris with armed robbery with a firearm. Harris initially pled not guilty but withdrew that plea and agreed to plead guilty as charged. At the Boykin hearing in May 2005, the *177 prosecutor stated that Harris admitted his involvement in the offense as a principal, and that the robbers who entered the store “were armed with a firearm, they did point that at the heads of the various ladies that were inside, physically assaulted them[.]” Harris spoke up, “I don’t know if there ain’t nobody up there they assaulted,” and “I don’t feel like nobody was physically assaulted.” The court stated that with this contention, it could not accept the guilty plea. At that point, trial counsel conferred with Harris, who then admitted he wasjjinvolved with the other men who went to Friedman’s that day and he understood the law of principals. Moments later, however, the court asked Harris if he discussed the robbery with the other men; he replied, “We didn’t discuss it, it just happened as we got there,” and denied knowing why they stopped there. Counsel again conferred with Harris, who finally admitted he knew his friends intended to commit a robbery, they discussed it, he drove them there, and he received some money for his part. The court found a factual basis for the plea and accepted it.
At a sentencing hearing later that month, Harris told the court he wished to withdraw his guilty plea and instead plead to a “more appropriate offense.” Maintaining that he never touched the gun, he wanted to plead to accessory after the fact and face no more than 10 years in jail. He repeated that he did not want to go to trial. After argument, the court denied the motion, stating that only the district attorney determines the charge and how to prosecute: “Mr. Harris does not get to pick the charge.” The court then heard testimony from Detective Parker, who headed the investigation; from the three female victims at Friedman’s; from the mother and guidance counselor of one of Harris’s accomplices, Kelvin Lewis; and from Lewis and Harris themselves.
At a supplemental sentencing hearing in June 2005, an assistant district attorney in the juvenile division detailed the six docket numbers listed in Harris’s juvenile record, including four adjudications, three stretches of supervised probation and, finally, a commitment until age 21.
14As noted, the court sentenced Harris to a total of 20 years at hard labor without benefit of probation, parole or suspension of sentence. The court explicitly stated that the sentence comprised 15 years under the armed robbery statute, R.S. 14:64, and 5 consecutive years for the use of a firearm under the enhancement statute, R.S. 14:64.3.
In June 2007, the Louisiana Appellate Project enrolled to represent Harris and obtained the instant out-of-time appeal.

Discussion: Withdrawal of Guilty Plea

By his first assignment of error, Harris urges the district court erred in not allowing him to withdraw his guilty plea. He contends that under La. C. Cr. P. art. 559 A, the court may permit a plea of guilty to be withdrawn at any time before sentence, and under the jurisprudence, the defendant should be permitted to withdraw the plea when induced to make it through ignorance, fraud or intimidation. State v. Coston, 113 La. 717, 37 So. 619 (1904); State v. Manager, 149 La. 1083, 90 So. 421 (1922); State v. Lapoint, 94-1173 (La.9/23/94), 642 So.2d 1304. Specifically, he argues that his plea was induced by ignorance: he failed to understand the law of principals as it relates to criminal culpability, and even after conferring with counsel, he persisted in his belief that because he neither wielded a firearm nor entered the store, he was not guilty of armed robbery. He concludes that this ignorance warrants vacating the guilty plea.
The state responds that whether or not Harris understood the law of principals, he plainly admitted facts that made him liable *178 as a principal to armed robbery with a firearm. The state concludes that the plea was | [¡intelligently and voluntarily made, and the district court did not abuse its discretion in refusing to allow him to withdraw it.
The discretion to allow withdrawal of a guilty plea under Art. 559 A lies with the district court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909; State v. Cook, 32,110 (La.App. 2 Cir. 6/16/99), 742 So.2d 912. A defendant has no absolute right to withdraw a guilty plea. Id. Generally, the denial of withdrawal of a guilty plea will not be reversed on appeal when the record shows the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Cook, supra. When ruling on a motion to withdraw a guilty plea, the district court should look beyond the Boykin-ization and consider all relevant factors, such as the breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. Id.; State v. Burnett, 33,739 (La.App. 2 Cir. 10/4/00), 768 So.2d 783, writ denied, 2000-3079 (La.11/2/01), 800 So.2d 864. The defendant’s change of heart, or misunderstandings with counsel, do not usually render a guilty plea involuntary. Id.
On close review, we find none of the factors that would normally support the withdrawal of a guilty plea. Harris received a full and exemplary Boykinization; the record discloses no plea bargain and hence no breach thereof; and there is no allegation that counsel misled him in any way. Most importantly, Harris’s own statement to police admitted every essential element of principal to armed robbery with a firearm; the strength Rof the evidence of actual guilt is beyond question.
In all fairness, Harris’s comments in court demonstrate a weak grasp of the concepts of physical assault and of principals; he apparently thought that holding a gun to somebody’s head was not an aggravated assault, and that the getaway driver was not as liable for armed robbery as the person who held the gun. However, this is not the type of “ignorance” that was cited in Coston or Manager, supra, in which the defendants admitted facts that supported only a lesser grade of the larceny than the felony grade to which they pled.
On the contrary, Harris plainly admitted driving the Suburban while his colleagues “cased” the jewelry store,[1] parking so as to facilitate a fast escape, waiting while his friends (one of whom was armed with a handgun) went in; and afterwards taking $300 for his part in the scheme. These facts support every essential element of principal to armed robbery with a firearm. Moreover, Harris never denied his guilt or his intent to plead guilty, but was just displeased that he would not receive more favorable sentencing treatment than his fellow robbers. This strikes us as the “change of heart” which this court has repeatedly held will not support withdrawing a guilty plea. State v. Cook, supra; State v. Burnett, supra.
Harris made a knowing and voluntary plea with an admission of all facts necessary to establish his guilt. The district court did not abuse its discretion in refusing to allow him to withdraw that plea. This assignment of error lacks merit.
1 tExcessive Sentence
By his second assignment, Harris urges the district court imposed an exces *179 sive sentence. He concedes that out of a sentencing range of 15 to 104 years, his 20-year sentence is at the lower end. He contends, nevertheless, that the court failed to consider his age (only three months past the age of 17 at the time of the offense), his educational background (10th grade, GED, and enrollment in the vo-tech welding program), and his limited role in the offense (Kelvin Lewis, who entered the store, got 25 years, and 15-year-old Milton “Boogie” Fuller, who actually wielded the gun, got a mere 12 years). He concludes that the sentence imposed is nothing more than needless imposition of pain and suffering.
The state responds that evidence adduced at the sentencing hearing validated each of the district court’s findings. In particular, the armed robbery resulted in significant, permanent injury to the employees and major economic loss to Friedman’s; Harris was pivotal in the planning and commission of the offense; and he had a serious record of six prior encounters with the juvenile justice system. The state concludes that the sentence of 20 years is not grossly out of proportion to the offense and offender.
Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. First the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. However, when the defendant fails to file a motion to reconsider sentence he is precluded from arguing noncompliance on appeal and is relegated to the bare claim of constitutional [ Sexcessiveness. La. C. Cr. P. art. 881.1 E; State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059; State v. Montgomery, 42,432 (La.App. 2 Cir. 9/19/07), 966 So.2d 127. Harris filed no motion to reconsider and hence cannot argue any deficiencies in the factual basis for the sentence, but we would note parenthetically that the court carefully discussed the evidence bearing on sentence and fully complied with Art. 894.1.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/03), 623 So.2d 1276. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. The sentencing court has broad discretion to sentence within the statutory limits; absent a showing of manifest abuse of that discretion, the appellate court will not disturb a legal sentence. Id.; State v. June, 38,440 (La.App. 2 Cir. 5/12/04), 873 So.2d 939. There is no requirement that codefendants receive equal sentences. State v. Taylor, 2001-1638 (La.1/14/03), 838 So.2d 729, cert. denied, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004); State v. Gatti 39,833 (La.App. 2 Cir. 10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.4/17/06), 926 So.2d 511.
Weighing in favor of the lower-end sentence were Harris’s relative youth and the fact that he did not personally assault the employees of | flFriedman’s Jewelry. However, the district court correctly noted that he was instrumental in the offense by chauffeuring his friends to and from the robbery. Also weighing in favor of a heavy sentence was serious trauma visited on the three employees: all were terrorized, two could not return to work at Friedman’s, and one required counseling and medical treatment, with anxiety attacks continuing 18 months after the incident. In addition, most of the jewelry was *180 never recovered. Notably, Harris had a disturbing juvenile record, with adjudications for theft of goods, illegal possession of stolen things, vehicular trespass and unauthorized use of a motor vehicle.[2] This plainly indicates a propensity for theft and violence best addressed by significant custodial confinement. Finally, we do not consider the 12-year sentence imposed on Harris’s 15-year-old accomplice, Fuller, critically disproportionate to the instant sentence. Harris’s lower-end sentence does not shock this court’s sense of justice.
This assignment of error lacks merit.

Error Patent Review

The district court sentenced Harris to 15 years at hard labor without benefits for armed robbery under R.S. 14:64 and a consecutive 5 years at hard labor without benefits for the use of a firearm under R.S. 14:64.3. On error patent review, we note that at the time of the offense, December 9, 2003, R.S. 14:64.3 provided imprisonment for “an additional period of five years without benefit of parole, probation, or suspension of sentence” which “shall be served consecutively to the sentence imposed under the provisions hnof R.S. 14:64.” The provision for hard labor was not added until 2006 by 2006 Acts No. 208, effective August 15, 2006. Hard labor is obviously not authorized for the instant five-year enhancement. State v. King, 2006-1903 (La.10/16/07), 969 So.2d 1228; State v. Delaney, 42,990 (La.App. 2 Cir. 2/13/08), 975 So.2d 789. We therefore amend this portion of the sentence to delete the order of hard labor, but otherwise affirm.

Conclusion

For the reasons expressed, we affirm Rodriqus Ramone Harris’s conviction of armed robbery with a firearm. We amend the sentence to delete the order of hard labor for the five-year enhancement under R.S. 14:64.3. In all other respects, the sentence is affirmed.
AMENDED AND AFFIRMED.

. One of the robbers, Milton "Boogie” Fuller, told Det. Parker that they picked Friedman’s because it had only three women working there, making it easier to rob.

. One of the robbers, Julius Board, told Det. Parker that their group was involved in about five robberies, including ones at Taco Bell and Thrifty Paging.