BROWN, Chief Judge.
| defendant, Bryan Phillip Mitchell, pled guilty, with an agreement of a 30-year sentencing cap, to aggravated incest, indecent behavior with a juvenile and pornography involving juveniles. He was subsequently sentenced to a total of 30 years at hard labor. Defendant now appeals, arguing that the trial court erred in denying his motion to withdraw his guilty pleas and that his sentences are excessive. For the' following reasons, we affirm defendant’s convictions and sentences.

Facts

In January 2013, the Bossier Parish Sheriffs Office received a complaint from the mother of R.W., a 14-year-old girl, concerning inappropriate contact by defen *751 dant with her daughter. Defendant went to the sheriffs office and, following Miranda' warnings, confessed. He further confessed to relations with his step daughter, which started when she was 12 years old, and to possessing child pornography on his computer. The deputies obtained a search warrant and seized defendant’s computer. On February 28, 2013, a three-count bill of information was filed charging defendant, who at that time was 35 years old, as follows: count one — aggravated incest, in violation of La. R.S. 14:78.1 [1]; count two — indecent behavior with a juvenile, in violation of La. R.S. 14:81; and, count three — pornography involving juveniles, in violation of La. R.S. 14:81.1.
After plea offers had been rejected by defendant, a jury trial was set to commence on April 21, 2014. Prior to the empaneling of a jury, however, [ 2defendant agreed to plead guilty to all three counts, pursuant to a plea agreement which included a sentencing cap of 30 years and an agreement that on the aggravated incest count the victim would be considered over the age of 13.[2] The trial court advised defendant of his constitutional rights, and defendant stated that he understood and wanted to waive his rights.
The state provided a factual basis for each of the charges, which represented a continuing course of conduct. Regarding aggravated incest, the state charged that this offense occurred between the dates of January 1, 2008, and September 1, 2012, with defendant’s stepdaughter, whose date of birth was March 4, 1995. Specifically, defendant would go into the child’s bedroom, touch her vagina and masturbate in front of her while she was pretending to be asleep. As to the crime of indecent behavior with a juvenile, the state charged that this crime occurred between the dates of September 1, 2012, and January 6, 2013, with M.K., whose date of birth was July 13, 1998. Specifically, defendant engaged in a relationship with M.K on the computer, they met on several occasions and, at defendant’s request, M.K. sent defendant a picture of herself wearing only her underwear. Based on defendant’s confession, deputies obtained a search warrant for his home, wherein they recovered a computer containing 55 images of children under the age of 17- engaged in sexual acts. The state charged that this pornography offense occurred between the dates of January 1, 2008, and | aSeptember 1, 2012.[3] Defendant admitted that the prosecutor’s statement of facts was correct. The trial court accepted defendant’s guilty pleas and ordered a pre-sentence investigation report.
On May 5, 2014, two weeks after pleading guilty, defendant filed a pro se motion to rescind his guilty pleas. The hearing on the motion was held on June 10, 2014. After being warned and advised that he had the right for his attorney to be present, defendant represented himself at the hearing and stated that he pled guilty *752 because, among other things, he feared that his attorney was not adequately prepared for trial. In rebuttal, the state submitted the transcript from the guilty plea hearing. The trial court reviewed the minutes of the case, noting that defendant had previously rejected a plea offer, that the case had been continued several times, and that on the morning of trial defendant went back and forth between going to trial and taking a plea. The court noted that in pleading guilty defendant stated that he understood and wanted to waive his rights, that he had not been coerced or threatened, that he was entering the guilty pleas freely and voluntarily, and that he admitted that the factual bases read by the state were true. Thereafter, the trial court denied defendant’s motion, stating that there was nothing that showed that he was entitled to withdraw his guilty plea. .
On July 22, 2014, the sentencing hearing was held. On the charge of aggravated incest, the trial court sentenced defendant to 15 years at hard labor. For indecent behavior with a juvenile, the court sentenced defendant to seven years at hard labor, to be served concurrently with any other |4sentence. For pornography involving juveniles, the court sentenced defendant to 15 years at hard labor, without the benefit of parole, probation, or suspension of sentence, to bé served consecutively with any other sentence.
Both defendant, filing pro se, and his defense counsel filed motions to reconsider sentence, arguing that the trial court failed to take into consideration several mitigating factors. The trial court wrote “denied” on the order in defense counsel’s motion, but no order was attached to the pro se motion. Implicitly, the court denied defendant’s pro se motion to reconsider.[4] Defendant now appeals.

Discussion

Motion to Withdraw Guilty Plea

A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La. C. Cr. P. art. 559(A). The discretion to allow the withdrawal of a guilty plea under La. C. Cr. P. art. 559(A) lies with the trial court and such discretion cannot be disturbed unless an abuse or arbitrary exercise of that discretion is shown. State v. Calhoun, 96-0786 (La.05/20/97), 694 So.2d 909; State v. Harris, 43,069 (La.App.2d Cir.03/19/08), 980 So.2d 174. A defendant has no absolute right to withdraw a guilty plea. Id.
|fiGenerally, the denial of withdrawal of a guilty plea will not be reversed on appeal when the record shows the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Stewart, 47,679 (La.App.2d Cir.01/16/13), 109 So.3d 915, writ denied, 13-0303 (La.09/20/13), 123 So.3d 163. When ruling on a motion to withdraw a guilty plea, the district court should look beyond the Boykinization and consider all relevant factors, such as the breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt, or the like. Id.; State v. Burnett, 33,739 (La.App.2d Cir.10/04/00), 768 So.2d 783, writ denied, 00-3079 (La.11/02/01), 800 So.2d 864. A defendant’s change of heart does not usually render a guilty plea involuntary. Id.
*753 After reviewing the record, we do not find that the trial court abused its discretion in denying defendant’s motion to withdraw his guilty plea. The transcript of the guilty plea hearing indicates that the trial court informed defendant of his constitutional rights, and that defendant stated he understood and wanted to waive his rights. Defendant further stated that no promises or threats were made to force him to enter the plea and that he was entering the plea freely and voluntarily. Defendant admitted to the facts of the crimes as recited by the state. The trial court informed defendant of the applicable sentencing ranges (5 to 20 years for aggravated incest, zero to seven years for indecent behavior with a juvenile, and 5 to 20 years for pornography involving juveniles[5] ), and that the sentence was up to the | fiCourt. Defendant indicated that he had discussed these matters with his attorney and was pleading guilty because he was guilty.
Moreover, at the hearing on the motion to withdraw his guilty plea, defendant stated the following:
Because I was looking at ... basically facing a life in prison sentence. And for someone who has never been in trouble other than traffic tickets in his life I just couldn’t justify that so I accepted that offer thinking well maybe there’s a possibility [I’ll] get out. Knowing [the trial judge’s] history and I’m not trying to be rude or anything but knowing your history with [sentences] you tend to give the maximum or very close to a maximum on a regular basis. So I feel that I’m — I’m pretty certain that if I let it go the way it stood that I would wound [sic] up getting close to thirty years. And I just — I want — I want to take back the guilty plea....
Clearly, defendant had a change of heart and, as such, the trial court did not abuse its discretion in denying his motion to withdraw his guilty plea.

Excessiveness

The defense argues that if it is found that the withdrawal of defendant’s guilty pleas is not warranted, his sentences should be vacated because they are excessive and not particularized to defendant or his crimes. Defendant claims that he is a well-respected, hard-working, first felony offender who attempted to do the right thing by cooperating with law enforcement officials during their investigation. Further, the defense argues that the trial court failed to provide any justification for ordering that the 15-tyear7 sentences for aggravated incest and pornography involving juveniles be served consecutively.
Ordinarily, a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. This rule is applicable to sentences imposed under an agreed sentencing cap as well as sentences for an agreed-upon term of years. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Burford, 39,801 (La.App.2d Cir.06/29/05), *754 907 So.2d 873. However, following the imposition of the sentences, the trial court stated, “That will be a thirty year hard labor sentence. You have thirty days to appeal this sentence.” Defendant responded, “I wish to appeal this. Sir.” Thus, under these circumstances we will not apply the procedural bar.
In reviewing a sentence for exces-siveness, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). Here, prior to sentencing defendant, the trial court considered the facts of this case, the information in the pre-sentence investigation report, and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. The court noted that defendant was a first felony offender, has a solid work history, and is married with two stepchildren. On the aggravating side, the court took cognizance of the fact that defendant, for his own sexual gratification, lavictimized two minors, one being his stepdaughter, and possessed pornography involving juveniles as young as three years of age engaged in sex acts.
Further, a sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166. The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7. Considering the underlying facts of this case, and that defendant obtained a substantial benefit from his plea bargain which reduced his sentencing exposure on the' aggravated incest charge from a maximum of 99 years to 20 years, we do not find that these sentences imposed by the trial court, which total 30 years, shock the sense of justice, or that they are disproportionate to the severity of the offenses committed.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. . La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Der-ry, |a516 So.2d 1284 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1168 (La.1988). It is within the court’s discretion to make sentences consecutive rather than concurrent. State v. Johnson, 42,323 (La.App.2d Cir.08/15/07), 962 So.2d 1126. Although the court did not specifically provide reasons for ordering that the sentences be served consecutively, we do not find that the trial court abused its discretion in doing so, as the record adequately supports the imposition of consecutive sentences in this case.

Conclusion

For the foregoing reasons, defendant’s convictions and sentences are affirmed.

. Subsequent to defendant's being charged with and pleading guilty to aggravated incest, La. R.S. 14:78.1, entitled “Aggravated Incest,” was repealed for the purpose of redes-ignating the term "incest.” Effective June 12, 2014, “aggravated incest” is deemed "aggravated crimes against nature” and is located at La. R.S. 14:89.1.

. When the victim is under the age of 13, and the offender is over the age of 17, the sentencing guidelines for aggravated incest ("aggravated crimes against nature”) dictate imprisonment at hard labor for not less than 25 years nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

.This date is confusing as the deputies seized the computer from defendant’s home in January 2013.

. While we note that the trial court did not specifically reference defendant's pro se motion to reconsider, the absence of a ruling on a motion to reconsider sentence does not affect this court’s ability to consider the constitutional excessiveness of a defendant’s sentence on appeal, nor does it require a remand. State v. Jackson, 46,963 (La.App.2d Cir.02/29/12), 87 So.3d 174.

. Effective August 1, 2012, La. R.S. 14:81.1(E)(1) was amended to provide that a person convicted of intentionally possessing pornography involving juveniles shall be fined not more than $50,000 and shall be imprisoned at hard labor for not less than five years or more than 20 years, without benefit of parole, probation, or suspension of sentence. Previously it provided for a sentence of not less than two or more than ten years without benefits. The law in effect at the time of the commission of the offense is determinative of the penalty. State v. Sugasti, 01-3407 (La.06/21/02), 820 So.2d 518. Defendant's pornography offense was charged to have occurred both before and after the August 1, 2012, amendment and was properly stated by the trial court.