PER CURIAM.
This is the second time this appeal has been before the court. On the original appeal, this court remanded the case to the trial court for an evidentiary hearing on defendant’s motion to withdraw the guilty plea, concluding that the record was “insufficient to determine whether a plea bargain that included the sentence was ever reached or whether there was a reasonable basis for defendant to believe that he would be allowed to withdraw his plea if a sentence in excess of twenty years was imposed”. 414 So.2d at 1221.
Defendant was initially charged with attempted first degree murder and armed robbery, both charges arising out of the same incident. Defendant and the state entered into a plea bargain, in which defendant agreed to plead guilty to both charges and the state agreed to recommend concurrent 20-year sentences. The trial judge, who did not participate in the bargaining, accepted the plea without binding himself to a sentence limitation, but represented that he would allow defendant to withdraw the plea if he decided upon a sentence which exceeded that recommended by the district attorney.[1]
When defendant subsequently appeared for sentencing, the trial judge had further investigated the circumstances of the crime and had concluded that a harsher sentence was warranted. The judge accordingly imposed sentences of 20 years, to run consecutively. Defense counsel objected and *705 moved to withdraw the plea, but the judge denied the motion. Defendant then appealed.
The guilty plea was entered and accepted conditionally. The trial judge was not bound by the sentencing recommendation, but the defendant was correspondingly not bound by his plea unless the sentencing recommendation was followed. Therefore, the trial judge had two sentencing alternatives: to impose the recommended sentence or to choose a heavier sentence while allowing defendant the option to accept that sentence or to withdraw his plea. Since the judge’s sentence and refusal to allow withdrawal of the plea violated the conditions of the guilty plea, defendant is entitled to have the sentence set aside and to enforce the conditions of the plea. See State v. Baudoin, 334 So.2d 186 (La.1976); see also Fed.R.Crim.P. 11(e).
Accordingly, the sentence is set aside, and the ease is remanded to the trial court with instructions either (1) to resentence defendant to 20-year concurrent sentences or (2) to allow defendant the option to withdraw his guilty plea if the judge chooses to impose a heavier sentence.
DENNIS and WATSON, JJ., concur.
MARCUS, J., dissents and assigns reasons.

. Whether or not the trial judge made such a representation was a disputed issue in the first appeal, necessitating a remand for an eviden-tiary hearing.
The evidentiary hearing was conducted by a judge other than the sentencing judge, and the sentencing judge, the defendant, and the respective attorneys all testified at the hearing. The judge who conducted the hearing concluded that “there was a reasonable basis for the defendant and Mr. Faucheaux to believe that defendant would be allowed to withdraw his guilty plea if a sentence in excess of twenty years on each count to run concurrently was imposed”. Upon review of the record, we conclude that the decision on remand was supported by the evidence.