PER CURIAM.
Request for Clarification Granted. It was the state, not the defense, which claimed in its brief on appeal that the record lacked a transcript of proceedings on July 20, 1988. During those proceedings, according to the state, the trial court indicated that it would allow the defendant either to renegotiate the length of his sentences or to withdraw his guilty pleas in view of the additional information about the offenses that had come to light after defendant entered his pleas. The minutes for July 20, 1988, confirm that the trial court continued the matter until July 28, 1988, “for a hearing for possible vacation] of plea.” Apparently neither the state nor the trial judge found the court’s remarks during the Boykin colloquy ambiguous with regard to whether the court had committed itself to a specific sentencing range when defendant entered his guilty pleas. The minutes for July 28, 1988, do not indicate, however, that the defendant was given an opportunity to withdraw his pleas or renegotiate his sentence before the trial court then continued sentencing until August 4, 1988. The minutes for August 4, 1988, make no mention of any preliminary inquiry into the volun-tariness of the defendant’s guilty pleas before the court imposed the concurrent terms of 20 years at hard labor.
La.C.Cr.P. art. 914.1(D) gives a reviewing court the authority to order “additional *556 portions of the transcript of the proceedings which it feels are necessary for full and fair review of the assignment of errors.” If, in fact, it is not possible to reconstruct the pertinent events surrounding the defendant’s guilty plea(s) and sentencing from all of the available records, the reviewing court also has the authority to remand the case for an evidentiary hearing before resolving the merits on direct appeal. See, State v. Thompson, 414 So.2d 1218 (La.1982), appeal after remand, 433 So.2d 704 (La.1983); State v. Jones, 397 So.2d 1249 (La.1981).
Accordingly, if the record does not already contain transcripts of the proceedings conducted in this case on July 20, July 28, and August 4, 1988, the court of appeal should order the appropriate supplements. If the record as supplemented still does not allow full review of the merits, the court of appeal is to remand the case to the trial court for an evidentiary hearing.