GARRETT, J.
liThe defendant, Leonard O’Neal Banks, pled guilty to one count of second degree kidnapping pursuant to a plea agreement that included an agreed-upon sentencing cap of 20 years at hard labor. The trial court accepted the plea and later sentenced the defendant to 18 years at hard labor, without benefit of parole, probation, or suspension of sentence. This appeal followed. Seeking to withdraw, the defendant’s appellate counsel filed an An-ders/Benjamin brief stating that she could find no nonfrivolous issues to raise on appeal.[1] For the following reasons, we grant the motion to withdraw and affirm the defendant’s conviction and sentence.
*938 FACTS
The defendant and five codefendants were originally charged with aggravated kidnapping, aggravated second degree battery, and conspiracy to commit aggravated battery. On May 3, 2013, the defendant and one codefendant were charged in an amended bill of information with second degree kidnapping, first degree robbery, and aggravated second degree battery.[2] On May 8, 2013, during jury selection, the defendant reached a plea agreement with the prosecution whereby he was allowed to plead guilty to one count of second degree kidnapping with a sentencing cap of 20 years. The charges of first degree robbery and aggravated second degree battery were dismissed along with several charges in other cases. It was agreed that the defendant would not testify in the trial of Joey Banks or any of the other 12defendants involved in this matter. The prosecution agreed not to charge the defendant as a habitual offender.
The record shows that in the late evening hours of February 26, 2012, into the early morning hours of February 27, 2012, the defendant, along with Joey Banks, Robert Banks, William Johnson and Anthony Johnson, came into contact with a group of men including Latrell Seals, Kevin Tally, and the victim in this matter, Shedrick Dorsey. A confrontation occurred. Joey Banks produced a gun and fired several shots at Seals, Tally and Dorsey. The defendant and Joey Banks caught Dorsey and inflicted bodily injury upon him. Blankets were draped over Dorsey’s head and he was forcibly placed in a vehicle by the defendant, Joey Banks, and William Johnson. Dorsey was taken to a residence in Rayville, Louisiana, where Otis Banks was present. It was thought that Dorsey had information about a fire that occurred at a house occupied by the girlfriend of Otis Banks. Dorsey was punched and made to eat dog food. Otis Banks heated up a clothing iron and tortured Dorsey by burning him on the arms, back and buttocks in an effort to get information regarding the fire. While Otis Banks burned Dorsey with the iron, the defendant, Joey Banks, Robert Banks, Anthony Johnson and William Johnson observed the torture. Dorsey was eventually placed back into the vehicle with his head covered, taken to another location, and released.
At the guilty plea hearing, the defendant stated that he was 30 years old and had gone to school through the ninth grade. Prior to the hearing, the defendant had not taken any drugs or alcohol that would affect his mind. The defendant stated that he understood the plea agreement. He was Uniformed that he was charged with the second degree kidnapping of Shedrick Dorsey and was read the elements of that offense.[3] He was instructed that the pen *939 alty for second degree kidnapping is imprisonment at hard labor for not less than five nor more than 40 years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence. The defendant acknowledged that he had not been threatened or tricked into entering a plea to the charge. The defendant affirmed that he understood that by pleading guilty, he waived his right to trial by jury, his right of confrontation, and his right against self-incrimination. The defendant was informed and acknowledged that he understood that, by pleading guilty with an agreed-upon sentencing cap, he waived his right to appeal or to seek review of the length or severity of the ^sentence that would be imposed.
The defendant did not dispute the factual basis for the plea. The trial court accepted the plea, finding that it was entered freely and voluntarily with an understanding of the nature of the charge and the consequences of the plea, including an understanding of the plea agreement. The trial court ordered a presentence investigation (“PSI”) report.
The defendant appeared before the trial court for sentencing on June 11, 2018. As mitigating factors, the trial court noted that the 30-year-old defendant had a girlfriend and three children who depend upon him, he has been on disability since the age of five due to lead poisoning, he has a nerve disorder, and that although he was a principal to the offense, the defendant was not the person in this matter who actually burned the victim with the iron. The defendant expressed remorse for the offense. The trial court noted that the defendant had been in jail for the present offense for 14 months without any disciplinary problems. The trial court considered letters submitted on the defendant’s behalf and determined that his guilty plea in this case was a mitigating factor.
As aggravating factors, the trial court noted the defendant’s extensive criminal history. The defendant had a juvenile record and, as an adult, had previously pled guilty to simple battery and two counts of disturbing the peace. The defendant had also been arrested for two separate counts of theft of an automobile, as well as possession of stolen things, three counts of theft, resisting an officer, first degree robbery, criminal damage to property, distribution of Schedule II CDS and possession of Schedule II CDS with intent to distribute.
|fiThe defendant had a prior felony conviction resulting from a 2003 guilty plea to aggravated battery and two counts of aggravated robbery. He was sentenced to eight years on each offense, to be served concurrently. The defendant was eventually paroled and in October 2010, successfully completed parole. He had not been in any trouble since that time, until the present offense. The trial court considered that the defendant’s criminal history included several crimes of violence and crimes against the person.
The trial court noted the significant benefit the defendant received from the plea agreement as well as the facts that the *940 crime manifested deliberate cruelty to the victim and was “one of the most horrible crimes I’ve seen with torture.” Actual violence was used in the commission of the offense, a dangerous weapon was used, and the offense resulted in significant permanent injury to the victim. The victim’s mother wrote a letter to the court stating that Dorsey will have physical and emotional scars for the remainder of his life due to this offense. The trial court sentenced the defendant in accordance with the agreed-upon cap and ordered that the defendant serve 18 years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served.
On June 24, 2013, the defendant filed a pro se motion and order for appeal which was granted and the Louisiana Appellate Project was appointed to represent the defendant. In September 2013, the defendant filed in this court a pro se motion for production of the trial court record for the purpose of filing a pro se appeal. On September 24, 2013, this court transmitted the record to the defendant at his place of incarceration with | ^instructions to return the record to this court no later than October 24, 2013.
On October 15, 2013, the defendant’s appellate counsel filed a motion to withdraw in this matter, along with an Anders brief alleging that she had made a conscientious and thorough review of the trial court record and could find no nonfrivolous issues to raise or appeal and no rulings of the trial court which would arguably support the appeal. Anders v. State, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, supra.
The Anders brief outlined the procedural history of the case and the facts upon which the offense was based. The brief contained a “detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, supra. Defense counsel verified that she mailed copies of the motion to withdraw and the brief to the defendant in accordance with the Anders, Jyles, Mouton, and Benjamin cases. The defendant was informed of his right to file a pro se brief in this matter. The state filed a brief concurring that there were no nonfrivolous issues to raise on appeal.
On October 31, 2013, this court issued an order holding the motion to withdraw in abeyance and rescinding the previous deadline for filing a pro se brief. The defendant was informed that he could file a brief within 30 days of the date of the order. In spite of requesting and receiving a copy of the trial court record, the defendant has not filed a pro se brief in this matter.
DISCUSSION
|7This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. This provision applies to both agreed-upon sentences and sentencing ceilings, ranges, and caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Smith, 47,800 (La.App.2d Cir.2/27/13), 110 So.3d 628. At the guilty plea colloquy, the defendant was specifically informed that, by entering into a plea agreement with a sentencing cap, he would not be allowed to appeal the length or severity of the sentence. Even though *941 at the sentencing hearing the defendant was informed of the time limitations for appeal, the trial court’s notice did not affect the voluntariness of the guilty plea and the defendant is now precluded from seeking review of the sentence imposed in conformity with the plea agreement. See State v. Fizer, 43,271 (La.App.2d Cir.6/4/08), 986 So.2d 243; State v. Pullig, 44,606 (La.App.2d Cir.9/23/09), 22 So.3d 1043.
CONCLUSION
For the reasons stated above, the motion to withdraw is granted and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. The defendant was charged as a codefen-dant with Joey Banks regarding the offenses in this matter. The defendant chose to plead guilty to second degree kidnapping and Joey Banks proceeded to trial by jury where he was convicted as charged. The appeal of Joey Banks is also before this court for consideration in State v. Banks, 48,868 (La.App.2d Cir.02/26/14), 134 So.3d 1235.

. La. R.S. 14:44.1 provides:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
*939 li. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
C. Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.