BROWN, Chief Judge.
Defendant, Charles Jones, was charged by bill of information with felony theft over $1,500, in violation of La. R.S. 14:67. The state agreed to a sentencing cap of seven years at hard labor and further agreed not to file a habitual offender bill of information. According to the facts recited by the state, which defendant admitted to, on four separate occasions in September and October of 2012, defendant, along with another individual, sold over $1,500 of short iron belonging to Michael Hollis, defendant’s employer, without permission to Top Dollar Scrap and Recovery in Homer, Louisiana. The pre-sentence investigation report indicates that the total value of the short iron sold by defendant was $4,523. Pursuant to the agreement, defendant pled guilty as charged.
After reviewing the pre-sentence investigation report and noting that defendant was a second-felony offender, the trial court sentenced defendant to five years at hard labor. - Although there is no right of review of a sentence in conformity with a plea agreement, the trial court advised defendant that he had 30 days to take an appeal.[1] Thereafter, the trial court grant *876 ed defendant’s pro se motion for appeal and the Louisiana Appellate Project was appointed to represent him. After reviewing the case, defendant’s appellate counsel filed a motion to withdraw, together with an Anders brief, alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the agreement under which defendant’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, supra.
Defense counsel further verified that he mailed copies of the motion to withdraw and his brief to defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. Defendant did not request the appellate record or file a pro se brief.
Our review of the record disclosed no non-frivolous issues and no rulings which arguably support an appeal. The record' shows that prior to entering his guilty plea, defendant was properly advised of his Boykin rights, understood the plea agreement, and voluntarily pled guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, defendant is precluded from seeking review of his sentence because it was im-' posed under a sentencing cap in conformity with a plea agreement set forth in the record at th¿ time of the plea. See La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171.
An error patent review of the appellate record shows that, at sentencing, the trial court advised defendant that he had “two years from today’s date” to file an application for post-conviction relief. However, this error is not grounds to vacate the sentence and remand for resen-tencing. State v. Cooper, 31,118 (La.App.2d Cir.09/23/98), 718 So.2d 1063, writ denied, 99-0187 (La.05/14/99), 741 So.2d 663. The trial court should have [ ^advised defendant, and through this opinion this court now so advises, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. art. 914 or 922. See State v. Pugh, 40,159 (La.App.2d Cir.09/21/05), 911 So.2d 898.

Conclusion

For the foregoing reasons, defense counsel’s motion to withdraw is granted and defendant’s conviction and sentence are affirmed.

. The trial court meant that defendant had 30 days to move for reconsideration of his sentence. La. C. Cr. P. art. 881(A)(1).