WILLIAMS, J.
I,The defendant, Randy Dale Holton, was charged by bill of information with two counts of simple burglary, violations of LSA-R.S. 14:62, and one count of unauthorized use of a motor vehicle, a violation of LSA-R.S. 14:68.4. Pursuant to a plea agreement, the defendant pled guilty as charged. Defendant was sentenced, in conformity with an agreed-upon sentencing cap, to serve 10 years at hard labor for each offense, the sentences to run concurrently. The defendant now appeals.
Defendant’s appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no non-frivolous issues upon which to base an appeal. For the following reasons, we affirm defendant’s convictions and sentences. Defense counsel’s motion to withdraw is granted.
FACTS
The record shows defendant was charged by bill of information with two counts of simple burglary and one count of unauthorized use of a motor vehicle. After the trial commenced, defendant pled guilty as charged pursuant to a plea agreement. In exchange for the guilty plea, the state agreed to a sentencing cap of 10 years’ imprisonment on all counts and not to file an habitual offender bill of information. Prior to accepting his plea, the trial court advised defendant of his Boykin rights, including his right against self-incrimination, his right to a jury trial, and his right to confront his accusers. The trial court accepted defendant’s guilty plea as knowingly and. voluntarily given.
laPrior to the imposition of the sentences, defendant' filed a motion to withdraw his guilty plea. After a hearing, the trial'court denied the motion, finding that defendant’s guilty plea was knowingly and voluntarily entered and that the evidence presented supported his conviction. Subsequently, the trial court sentenced defendant to serve 10 years at hard labor on each count with the sentences to run con *203 currently, the maximum sentence allowed under the plea agreement. Defendant’s motion for a new trial was denied. This appeal followed.
DISCUSSION
Upon lodging of this appeal, the defendant’s appellate counsel filed a motion to withdraw, together -with an Anders brief, which asserts that she could find no non-frivolous -issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 658 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history of the case and the agreement under which defendant’s guilty plea was entered. The brief also contains “a detailed and renewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place,” Jyles, supra. In addition, defense counsel verified that she mailed copies of the motion to withdraw and hér brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. The defendant did not request the appellate record or file a pro se brief,'
Based upon our review of the record, there are no non-frivolous tissues for appeal and no rulings-which arguably support an appeal. In her brief, appellate counsel asserts that the record shows the trial court acted within its discretion in denying defendant’s motion to withdraw his guilty plea,.
A defendant does not have an absolute right to withdraw his guilty plea. State v. Harris, 43,069 (La.App.2d Cir.3/19/08), 980 So.2d 174. Generally, the court’s denial of a motion seeking the withdrawal of a guilty plea will not be reversed on appeal -when the record demonstrates that defendant was informed of his rights and the consequences of his plea and--that the plea was entered voluntarily. State v. Harris, supra.
Here, the record shows that prior to entering his guilty plea, the defendant was properly advised of his Boykin rights, understood the plea agreement, and voluntarily agreed to plead guilty rather than continue with the trial.. Based upon this record, the trial court did not abuse its discretion in denying defendant’s motion to withdraw the guilty plea. Thus, the court’s ruling does not support an appeal.
Whoever commits the crime of simple burglary shall be fined not more than $2,000, imprisoned with or without hard labor for not more than 12 years, or both. LSA-R.S. 14:62. The penalty for unauthorized use of a motor vehicle is a fine of not more than $5,000, imprisonment with or without hard labor for not more than 10 years, or both. LSA-R.S. 14:68.4.
The record reflects that a sentencing cap of 10 years’ imprisonment was presented by the state and accepted by the defendant, resulting in an agreed-upon sentence. After reviewing the presen-tence investigation report, |4the district court imposed sentences within the agreed-upon cap of 10 years at hard labor as to each count to be served concurrently. Thus, the defendant is precluded from seeking review of his sentence because it was imposed under • a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Moore, 32,707 (La.App.2d Cir.10/27/99), 743 So.2d 877, writ denied, 2001-0650 (La.11/2/01), 800 So.2d 872. In addition, the defendant is. an eighth-felony offender who substantially benefitted from the reduced sentencing exposure as a result of the plea agreement.
*204 Based upon this record, we agree that there are no non-frivolous issues to raise on appeal. Accordingly, we hereby grant the appellate counsel’s motion to withdraw.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed. Appellate defense counsel’s motion to withdraw is granted.
CONVICTIONS AND SENTENCES AFFIRMED; APPELLATE COUNSEL’S MOTION TO WITHDRAW GRANTED.