**STATE of Louisiana, Appellee**

v.

**Laderrius SHELTON, Appellant**

No. 50,851-KA

Court of Appeal of Louisiana, Second Circuit.

Judgment rendered September 28, 2016

LOUISIANA APPELLATE PROJECT, By: Douglas L. Harville, Counsel for Appellant

J. SCHUYLER MARVIN, District Attorney, HUGO HOLLAND, JOHN M. LAWRENCE, MARCUS R. PATILLO, Assistant District Attorneys, Counsel for Appellee

Before WILLIAMS, MOORE, and GARRETT, JJ.

GARRETT, J.

The defendant, Laderrius Shelton, entered a guilty plea to attempted first degree robbery with a sentencing cap of 15 years. Thereafter, he was sentenced to 14 years at hard labor. The defendant filed the instant appeal.

The defendant's appellate counsel has filed a motion to withdraw, together with a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the following reasons, we affirm the defendant's conviction and sentence. Defense counsel's motion to withdraw is granted.

## FACTS

On January 17, 2014, the defendant and an accomplice robbed the Harris Corner Store in Minden. Both were masked, and the accomplice carried a firearm. They fled and, shortly thereafter, were apprehended by officers of the Minden Police Department.

The defendant was charged with armed robbery with the use of a firearm, conspiracy to commit armed robbery, and illegal possession of a stolen firearm. He was represented by retained counsel. Trial commenced on June 15, 2015. The jury deadlocked, and a mistrial was declared on June 18, 2015. On that same day, the defendant accepted a plea offer, wherein he pled guilty to attempted first degree robbery with a cap of 15 years on any sentence imposed by the trial court, with the benefit of a presentence investigation (PSI) report.[1]

During the guilty plea colloquy, the trial court elicited that the 21-year-old defendant had attended two semesters of college. The trial court informed the defendant of his rights, including the right to appeal, and advised him that, by accepting the guilty plea, he would be waiving those rights. The defendant stated that he understood. The prosecutor recounted the factual basis for the plea:

> [O]n January 17th, 2014, Mr. Laderrius Shelton planned with Mr. Brian Gilbert to rob whoever was employed at Harris Corner Store at the time. Near 8:00 o'clock that night, both Mr. Shelton and Mr. Gilbert donned masks, entered the store, while Mr. Gilbert was armed with a firearm, and took money from . . . the victim . . . . The State alleges, for purposes of this plea, what Mr. Shelton did constitutes an attempted first degree robbery in violation of Louisiana law and that all the facts occurred in Webster Parish.

The defendant agreed that the recitation of the facts was correct. At the conclusion of the plea, the charges of conspiracy to commit armed robbery and illegal possession of a stolen firearm were *nol prossed* by the state.

On August 3, 2015, the defendant appeared for sentencing. The trial court noted that, in addition to the PSI report, it had received approximately 20 letters, many attesting to the defendant's good character. The court read two letters into the record. One was from the defendant and requested leniency. The other was from the owner of the convenience store, who recounted how his niece, who was working at the store that night, was robbed of $147.28 by the defendant and his accomplice, who was armed with an AK-47 assault rifle. The store owner requested the maximum sentence for the defendant due to the traumatic nature of the events. After considering all of the sentencing factors, the trial court imposed a sentence of 14 years at hard labor, one year less than the sentencing cap of 15 years. It recommended the defendant for substance abuse treatment. The defendant was also given credit for time served. After imposing sentence, the court advised the defendant that he had 30 days to appeal the sentence.[2]

---

1. Under La. R.S. 14:64.1 and La. R.S. 14:27, the maximum sentence for attempted first degree robbery is 20 years at hard labor without benefit of parole, probation, or suspension of sentence. *State v. Jackson*, 48,534 (La.App. 2 Cir. 1/15/14), 130 So.3d 993.

2. Since the defendant specifically waived his right of appeal during his guilty plea, the trial court's mention of the appeal time period does not make the sentence reviewable. See *State v. Banks*, 48,867 (La.App. 2 Cir. 2/26/14), 136 So.3d 937; *State v. Fizer*, 43,271 (La.App. 2 Cir. 6/4/08), 986 So.2d 243.

The defendant's attorney withdrew after sentencing. The defendant filed a *pro se* "Notice of Appeal and Appointment of Counsel," which was granted by the trial court on November 24, 2015. The Louisiana Appellate Project was appointed to represent the defendant.

On March 11, 2016, the defendant's appellate counsel filed a motion to withdraw and an *Anders* brief. He asserted that he had made a thorough review of the record and found no nonfrivolous issues to raise on appeal. See *Anders, supra*; *State v. Jyles*, 96–2669 (La. 12/12/97), 704 So.2d 241; *State v. Mouton*, 95–0981 (La. 4/28/95), 653 So.2d 1176; and *State v. Benjamin*, 573 So.2d 528 (La.App. 4th Cir. 1990). The brief outlined the procedural history of the case and the agreement under which the defendant's guilty plea was entered. The brief also contained "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles, supra*. In addition, defense counsel verified that he mailed copies of the motion to withdraw and his brief to the defendant, in accordance with the *Anders, Jyles, Mouton*, and *Benjamin* cases.

This court held the motion to withdraw in abeyance and advised the defendant of his right to file an appellate brief within 30 days of the court's order. The defendant did not request the appellate record or file a *pro se* brief. The state filed a letter in which it agreed that there were no nonfrivolous issues subject to argument on appeal and requested that defense appellate counsel be allowed to withdraw.

The record reflects that a sentencing cap of 15 years was offered by the state and accepted by the defendant, resulting in an agreed-upon sentence. After reviewing the PSI report and various letters, the trial court imposed a sentence within the agreed-upon cap. Thus, the defendant is precluded from seeking review of his sentence because it was imposed under a sentencing cap in conformity with a plea agreement set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2); *State v. Young*, 96–0195 (La. 10/15/96), 680 So.2d 1171; *State v. Jones*, 49,739 (La.App. 2 Cir. 4/15/15), 163 So.3d 875; *State v. Holton*, 50,736 (La.App. 2 Cir. 6/29/16), 198 So.3d 201, 2016 WL 3541508.[3]

We have reviewed the record for error patent. The only error patent found is the trial court's failure to specify that the defendant's sentence be served without parole, probation, or suspension of sentence, as required by La. R.S. 14:27 and La. R.S. 14:64.1. However, in the instant case, such error is self-correcting under La. R.S. 15:301.1, eliminating the need to remand for a ministerial correction of the illegally lenient sentence resulting from the failure of the sentencing court to impose the restrictions. See *State v. Williams*, 2000–1725 (La. 11/28/01), 800 So.2d 790. Consequently, we order that the sentence of 14 years be served at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court minutes should be amended to reflect this adjustment of the defendant's sentence. *State v. Smith*, 50,342 (La.App. 2 Cir. 1/13/16), 184 So.3d 241.

**3.** Even assuming *arguendo* that the sentence was reviewable, we find that 14 years at hard labor was not excessive under the facts of the instant case, wherein a store clerk was placed in grave and immediate danger by robbers armed with an assault rifle. The trial court fully complied with the provisions of La. C. Cr. P. art. 894.1. Furthermore, the sentence does not violate La. Const. Art. 1, § 20. The defendant obtained great benefit from the plea bargain, which substantially reduced his sentencing exposure.

For the foregoing reasons, appellate counsel's motion to withdraw is granted. The defendant's conviction and sentence are affirmed.

**MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED, WITH INSTRUCTIONS FOR CORRECTION OF MINUTES.**