Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,937-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOZA L. WISE                                Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 200044A

Honorable John Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Peggy J. Sullivan

JOZA L. WISE                           Pro Se

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

TRENEISHA J. HILL
CHARLES K. PARR
Assistant District Attorneys

* * * * *

Before MOORE, STEPHENS, and THOMPSON, JJ.

**MOORE, J.**

Joza L. Wise appeals a judgment that sentenced him to life in prison at hard labor, with the eligibility for parole, for second degree murder, and denied his motion to withdraw his guilty plea. We affirm.

## PROCEDURAL HISTORY

This spare record contains very little in the way of background facts. In January 1999, the victim, Timothy Hall, was killed. A grand jury indicted Wise and a codefendant, Boston, for the first degree murder of Hall. The state filed a notice of intent to seek the death penalty. Pursuant to a plea bargain that avoided the death penalty, Wise pled guilty to second degree murder and, in January 2000, received the mandatory sentence of life in prison at hard labor, without benefit of parole, probation or suspension of sentence. He did not appeal. Apparently, Wise was under the age of 18 at the time of the offense.

In 2012, the U.S. Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). The same court later held that *Miller* applied retroactively. *Montgomery v. Louisiana*, 577 U.S. __, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016).

At some point, Wise filed a motion to vacate his sentence and to withdraw his guilty plea. In 2016, the district court resentenced him to life in prison at hard labor, but this court vacated it because Wise was not represented by counsel at the resentencing. *State v. Wise*, 52,382 (La. App. 2 Cir. 8/2/18) (unpub. writ order).

## ACTION IN THE DISTRICT COURT

Wise appeared for resentencing on December 6, 2018, with appointed counsel, Ms. AndrePont. He made a pro se oral motion to withdraw his guilty plea; Ms. AndrePont declined to adopt it, saying it was not in her client's best interest. Wise argued he was entitled to withdraw his plea because the new sentence was a "breach of contract": because he pled guilty to second degree murder with a sentence of life without the possibility of parole, he felt the state could not "undo" the agreed sentence. The court advised Wise that the decision to resentence him was made by the United States Supreme Court, not by the district attorney, and that the only action available was to set aside the mandatory sentence, not to set aside the guilty plea. The court then resentenced Wise to life in prison at hard labor, without benefit of probation or suspension or sentence, but with eligibility for parole. Wise made a pro se objection to the sentence.

Ms. AndrePont filed a motion to reconsider, urging that the sentence imposed was excessive and that the court erred in not considering a downward deviation from the mandatory sentence, under the principles of *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). The district court denied this motion the same day it was filed.

Wise then filed a pro se "supplement" to the motion to reconsider. He again asserted that his plea agreement was a contract, and when the state changed the terms of the deal by recommending eligibility for parole, he was "vested" with the right to withdraw his plea, even if the new sentence was more lenient. The district court denied this motion on January 31, 2019, in a written opinion which addressed various claims (including effective assistance of counsel) raised in pleadings not included in the instant record.

2

Ms. AndrePont filed a motion for appeal and has filed a brief with this court. Wise has filed a supplemental, pro se brief.

**DISCUSSION**

Wise's counseled brief raises two assignments of error: the sentence imposed, life with eligibility for parole, is constitutionally excessive in that the court should have considered a downward deviation, and the court erred in not stating reasons for imposing a life sentence.

The contention that Wise is entitled to a full hearing, with the introduction of evidence that might support a downward deviation, is without merit. In *Montgomery v. Louisiana*, *supra*, the U.S. Supreme Court stated:

> *Miller*'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.
>
> Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. *A State may remedy a* Miller *violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.* * * * Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Id.* at 736 (emphasis added, citations omitted).

In short, eligibility for parole is the sole question to be answered in a *Miller* hearing. *State v. Thompson*, 51,674 (La. App. 2 Cir. 11/15/17), 245 So. 3d 302, and citations therein; *State v. Jackson*, 51,527 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1093, *writ denied*, 2017-1540 (La. 5/25/18), 243 So. 3d 565. In furtherance of *Miller*'s mandate, the Louisiana legislature enacted

3

La. C. Cr. P. art. 878.1, which states that, for a person in Wise's situation, the hearing is "to determine whether the offender's sentence should be imposed with or without parole eligibility." La. C. Cr. P. art. 878.1 B(1). The legislature also enacted La. R.S. 15:574.4, to provide the conditions for such parole eligibility, including serving 35 years of the sentence before the defendant can apply for parole consideration. R.S. 15:574.4 E.

This record shows that Wise has received all the substantive benefits of *Miller* and *Montgomery*, and all the due process protections of Art. 878.1 and R.S. 15:574.4. The claim to relitigate the entire sentence is groundless. These assignments of error lack merit.

By his pro se brief, Wise raises two assignments of error: he was denied effective assistance of counsel when his appointed attorney declined to adopt his pro se motion to withdraw the guilty plea, and the court erred in denying that motion without a hearing.

Upon motion of the defendant and after a contradictory hearing, which may be waived by the state in writing, the court may permit a plea of guilty to be withdrawn at any time before sentence. La. C. Cr. P. art. 559 A. The discretion to allow the withdrawal of a guilty plea under Art. 559 lies with the trial court and such discretion cannot be disturbed absent an abuse or arbitrary exercise of that discretion. *State v. Cooper*, 52,408 (La. App. 2 Cir. 11/8/18), 261 So. 3d 975. The defendant has no absolute right to withdraw a previously entered guilty plea under Art. 559. *State v. Calhoun*, 96-0786 (La. 5/20/97), 694 So. 2d 909; *State v. Cooper*, *supra*.

Wise's claim that he was entitled to withdraw his guilty plea is conclusory and without factual support. He has not shown that at the time of the plea, the court failed to advise him of his *Boykin* rights, that he did not

4

understand the plea agreement, or that his decision to plead guilty rather than proceed to trial was anything but voluntary. *See, e.g., State v. Holt*, 50,736 (La. App. 2 Cir. 6/29/16), 198 So. 3d 201. On the contrary, this spare record shows conclusively that by pleading guilty to second degree murder, Wise escaped a capital trial and potential death penalty. There is absolutely no showing that he did not understand the benefit of his guilty plea. His second assignment of error lacks merit.

To prove a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 2017-0649 (La. 6/26/19), __ So. 3d __. The defendant must identify specific acts or omissions by counsel and state how those actions resulted in actual prejudice so severe that he was denied a fair trial. *State v. Thomas*, *supra*; *State v. Turner*, 52,510 (La. App. 2 Cir. 4/10/19), 267 So. 3d 1202.

For the reasons already discussed, there was no merit to Wise's claim that he was entitled to withdraw his guilty plea. Wise cannot show any prejudice arising from Ms. AndrePont's actions. Counsel is not ineffective for failing to raise a meritless claim. *State v. Dressner*, 2018-0828 (La. 10/29/18), 255 So. 3d 537; *State v. Grant*, 41,745 (La. App. 2 Cir. 4/4/07), 954 So. 2d 853, *writ denied*, 2007-1193 (La. 12/7/07), 969 So. 2d 629. Wise's first assignment of error lacks merit.

**CONCLUSION**

We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920 (2). For the reasons expressed, Joza L. Wise's conviction and sentence are affirmed.

**AFFIRMED**.